ARTHUR W. CAMPBELL, by next friend,

*vs.*

CHASE GRANITE COMPANY.

Hancock.    Opinion October 11, 1898.

*Jury.    Verdict.    Misconduct.    New Trial.*

It is the duty of the court to secure a fair trial of causes heard before a jury, and the trial must be conducted upon legal principles and free from suspicion or abuse.

Verdict set aside and a new trial granted where it appears that, at the boarding house of some of the jurors, the merits of a cause on trial before them were quite generally discussed by others in their presence and hearing; that one of the jurors on one occasion, if not more, joined in the discussion and expressed an opinion upon a vital point of the case; that during the trial these discussions sometimes became heated, and that the merits of the case were freely and frequently commented on and discussed in the presence and hearing of the jurors.

ON MOTION BY DEFENDANT.

*J. A. Peters, Jr.*, for plaintiff.

*A. W. King and E. E. Chase*, for defendant.

PER CURIAM.    This case comes before us upon motion to set aside the verdict for misconduct of some of the jurors, and improper influences brought to bear upon them during the progress of the trial.

From the evidence upon the motion it appears, that at the boarding house where some of the jurors boarded, the merits of the cause were quite generally discussed by third parties in the presence and hearing of some of the jurors and opinions expressed thereon; and that one, at least, of the jurors on one occasion, if not more, joined in the discussion and expressed an opinion upon a vital point in the case; that during the trial these discussions sometimes became quite heated, and that the merits of the case were freely and frequently commented on and discussed in the presence and hearing of the jurors boarding there, who were then

sitting as jurors in this case. What and how much effect these discussions and expressions of opinion may have had in producing or influencing the verdict cannot be known, but they were so pronounced that we think they became a mischievous factor in the deliberations of the jury, destructive of an honest verdict. The law requires that causes shall be decided upon the evidence introduced in court, and that alone; that jurors are to act unbiased and unaffected by outside influences or public opinion.

If a departure from this wholesome rule is permitted there is great danger that the rights of parties may be sacrificed by irresponsible statements of uninformed or interested persons, having the effect of testimony which is not under oath or subjected to cross-examination or in any way subservient to legal rules. It is not only improper, but it is a contempt of court liable to severe punishment, for outside parties to discuss a case on trial, or state alleged facts, or express opinions upon the merits of a cause in the presence and hearing of jurors sitting in the cause; and it is in the last degree improper and reprehensible for a juror while thus employed to listen to such discussion or express an opinion upon the merits of the cause. His duty is to hear all the evidence in court and the instructions of the presiding judge and then, and not till then, to arrive at a conclusion as to what facts have been proved, and apply to them the rules of law received, and render a verdict which shall express the legal effect of the facts proved. A verdict is supposed to be and ought to be the deliberate conclusion of the mind of each and every juror wholly uninfluenced and unimpressed by the opinions of anybody outside of the jury. Truth and purity in verdicts can be reached in no other way.

In this case some of the jurors were exposed to improper and unlawful influences, and to some extent, joined therein, unwittingly, no doubt, but still the infectious poison existed. It is the duty of the court in such case to secure a fair trial of the cause, conducted upon legal principles and free from suspicion or abuse.

*Motion sustained. Verdict set aside.*

*New trial granted.*